**FLORIDIN CO. v. ATTAPULGUS CLAY CO. et al.**

**No. 1247.**

District Court, D. Delaware.

Nov. 7, 1939.

See also, D.C., 26 F.Supp. 968.

Hugh M. Morris and S. Samuel Arsht, both of Wilmington, Del., and John J. Darby, and George W. Porter (of Cushman, Darby & Cushman), both of Washington, D. C., for plaintiff.

Herbert L. Cohen, of Wilmington, Del., and Merrell E. Clark and Paul R. Ames (of Fish, Richardson & Neave), both of New York City, for defendants.

NIELDS, District Judge.

Lawrence J. Fuller was set up in defendants' answer as a prior inventor and prior user of the alleged invention of the patent in suit. In a pre-trial examination of Fuller by plaintiff he was asked to produce an application for letters patent, and all papers therein, filed by him prior to the issuance of the Hartshorne patent in suit but subsequent to the filing date of the Hartshorne patent application. The production of the application was refused on the ground that it was not material to any issues involved in this case. The above motion was then filed by plaintiff.

Upon hearing the motion the court held that the disclosure of the Fuller application could have no bearing upon either the validity or the infringement of the Hartshorne patent but that the contents of the application might have some bearing upon the credibility of Fuller or of his interest in the case or the relationship between Fuller and defendants. Thereafter the court ordered defendants to produce to counsel for plaintiff a copy of said application and accompanying papers and directing that counsel should not disclose to his client, his

expert, or any other person the contents thereof.

Defendants filed a supplemental bill of particulars stating that they did not intend to rely at the trial of this case upon the Fuller defense. Notwithstanding this withdrawal, counsel for plaintiff presses his motion for the production of the Fuller application because he desires to continue the examination of the witnesses King and Fuller "in respect to the Fuller application and also to have the application available for use as evidence at the trial and for examination of witnesses."

In view of the withdrawal of the Fuller defense, the Fuller application is no longer material or pertinent to any issue in this case. The credibility, interest or relationship of Fuller to defendant can no longer have any possible materiality. The use of the Fuller file by plaintiff's counsel is unnecessary. Plaintiff should return to defendants the copy of the application file submitted to him.

It is so ordered.